JUDGE SULLIVAN



LAW OFFICES OF GEORGE N. PROIOS, PLLC
Attorneys for Plaintiff
65 West 36th Street
New York, NY 10018-7702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF Case

BUNKERS INTERNATIONAL CORP.

09 CV

              Plaintiff,

v.

VIZA STAR DENIZCILIK TUR.
SAN VE TIC LTD STI

              Defendant.

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Bunkers International Corp., (hereinafter "BI") complains of the Defendant Viza Star Denizcilik Tur. San ve Tic LTD Sti (hereinafter "Viza Star") and alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction.

2. At all material times, BI was and is now a corporation organized and existing under the laws of Florida.

3. At all material times, Viza Star was and is now a company organized and existing under the laws of Turkey.

**THE BASIC FACTS**

4. On or about April 28, 2009, BI sold marine fuel to defendants for the fueling of

the M/V NIKA, an ocean cargo vessel that Defendant owned, operated or chartered. Defendant, however, did not pay for all of that fuel or pay certain contractual charges which Defendant had agreed with BI to pay.

5. On or about May 6, 2009, BI sold marine fuel to defendant for the fueling of the M/V VIKING, an ocean cargo vessel that Defendant owned, operated or chartered. Defendant, however, did not pay for all of thet fuel or pay certain contractual charges which Defendant had agreed with BI to pay.

6. BI provided the fuel to Defendant under contractual terms and conditions that that require Defendant to pay BI all attorneys fees and related costs of collection if Defendant fails to pay BI. The amount that Defendant owes to BI, including contractual interest and related charges, is at least $104,451.04 plus an estimated $10,000 for attorneys fees and costs, all totaling $114,451.04.

## COUNT I
## RULE B RELIEF

7. Plaintiff repeats paragraphs 1 through 6 as if fully set forth herein.

8. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its contractual attorneys' fees and costs. No security for Plaintiff's claims has been posted by Viza Star or anyone acting on its behalf to date.

9. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of

garnishees in this District, including but not limited to electronic fund transfers and/or CHIPS credits, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

10.  The named garnishee banks participate in the CHIPS system in New York to send U.S. dollar wire transfers between banks in the United States and throughout the world. Accordingly, Plaintiff believes that some assets of Defendant in U.S. dollars EFTS will be transferred through intermediary CHIPS banks, including the named garnishee banks.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of their tangible or intangible property or any other funds held by any garnishee, which are due and owing to this defendant up to the amount of at least US$ 114,451.04 to Plaintiff, which includes interest ($7,450.84), and reasonable attorneys' fees and costs ($10,000), to secure the Plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.  That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed.R.Civ.P.

4(c) to serve process of Maritime Attachment and Garnishment in this action.

D.  That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

E.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
October 16, 2009

                          Respectfully submitted,
                          Law Offices of George N. Proios, PLLC
                          Attorneys for Plaintiff

By _____
George N. Proios
65 West 36th Street
New York, NY 10018-7702
212-279-8880

OF COUNSEL:
J. Stephen Simms
John T. Ward
Simms Showers LLP
20 S. Charles Street - Suite 702
Baltimore, Maryland 21201
410-783-5795

## VERIFICATION

STATE OF NEW YORK    )
                                         )   ss.:
COUNTY OF NEW YORK  )

George N. Proios being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and am counsel to Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff in that Plaintiff is foreign corporation, no officers or directors of which are within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
George N. Proios

Sworn to before me this
16th day of Ocotober, 2009

_____
Notary Public

**JON WERNER**
NOTARY PUBLIC
02WE6149122
STATE OF NEW YORK
COMMISSION EXPIRES
JULY 3RD, 20 _10_